**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

TOMI EDWARD JENNINGS, JR.,

    Plaintiff - Appellant,

v.

VANCE EVERETT, Wyoming
Department of Corrections State
Penitentiary Complex Administrator,
individually and in his official
capacity; WILLIAM HETTGAR,
Wyoming Department of Corrections
State Penitentiary Warden,
individually and in his official
capacity; JACK BATTS, Wyoming
Department of Corrections State
Penitentiary Warden, individually and
in his official capacity; CHRIS
GULBRANDSON, Wyoming
Department of Corrections State
Penitentiary Correction Officer
Lieutenant, individually and in his
official capacity; VICKI SCHMUCH,
Wyoming Department of Corrections
State Penitentiary Counselor,
individually and in her official
capacity; CHRISTI FROST, Wyoming
Department of Corrections State
Penitentiary Counselor, individually
and in her official capacity; PAM
NICHOLS, Wyoming Department of
Corrections State Penitentiary
Librarian, individually and in her
official capacity,

    Defendants - Appellees.

No. 02-8007
(D.C. No. 01-CV-13-J)
(D. Wyoming)

## ORDER AND JUDGMENT [*]

Before **KELLY** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding pro se, Tomi Edward Jennings appeals the district court's grant of summary judgment in favor of the defendants. Mr. Jennings, a prisoner at the Wyoming State Penitentiary, alleges that the defendant prison officials unlawfully restricted his access to certain legal materials, thereby frustrating his ability to prosecute his direct criminal appeal and pursue other post-conviction remedies. He claims that the defendants' actions deprived him of his right to represent himself, violating the rule announced in *Faretta v. California* , 422 U.S. 806 (1975). He further claims that the limits placed on his access to the prison's law

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

library constituted a due process violation under the First and Fourteenth Amendments.

The district court ruled that Mr. Jennings failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a). It also concluded that even if he did exhaust his administrative remedies, he is barred from seeking money damages by *Heck v. Humphrey*, 512 U.S. 477 (1994). And in any event, said the district court, Mr. Jennings has failed to raise an issue of material fact on the merits of his constitutional claims.

Having reviewed the record, the parties' briefs, as well as the relevant law, this court concludes that the district court's decision was correct. We reach that conclusion for substantially the reasons stated in the district court's order dated January 14, 2002.

The judgment of the United States District Court for the District of Wyoming is AFFIRMED. Mr. Jennings's motion to amend the complaint is DENIED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-3-